STATE of Texas; Cities of San Antonio and Balcones Heights, Texas; and Transit Authority of San Antonio, Appellants,

v.

Arthur L. HERRERA, Jr., d/b/a Nicole's Diamond Creations, Appellee.

No. 03–99–00807–CV.

Court of Appeals of Texas, Austin.

July 27, 2000.

John C. Adams, Asst. Atty. Gen., Austin, for Appellants.

Timothy M. Trickey, Austin, for Appellee.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and POWERS.[*]

JOHN E. POWERS, Justice (Retired).

The plaintiffs[1] appeal from a judgment that they take nothing by their action against Arthur L. Herrera, Jr., doing business under the trade name "Nicole's Diamond Creations." We will reverse the

---

[*] Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

[1] The plaintiffs are the State of Texas, the Cities of San Antonio and Balcones Heights, Texas, and the Transit Authority of San Antonio, Texas.

judgment and remand the cause to the trial court.

### THE CONTROVERSY

The plaintiffs, joining in a single petition, sued Herrera to collect past-due state and local sales taxes, penalties, and interest allegedly owed them. After Herrera appeared and answered in the cause, the plaintiffs obtained a trial setting of August 30, 1999, at 2:00 o'clock p.m. John C. Adams, the plaintiffs' attorney, apparently learned on August 23, 1999, that he could not, because of a schedule conflict that had arisen subsequently, try the case on the date set. When Herrera's attorney did not return Adams' two telephone calls about re-setting the date of trial, Adams *assumed* Herrera's attorney did not object to doing so. Adams evidently told the clerk of the court that the trial date had been passed by agreement and re-set for September 20, 1999. Herrera's attorney denied making any such agreement and denied receiving the two recorded telephone messages from Adams. There was, of course, no Rule 11 Agreement. *See* Tex.R. Civ. P. 11; *Cantu v. Cantu,* 253 S.W.2d 957, 958 (Tex.Civ.App.—San Antonio 1952, no writ) (A "trial judge should not be called upon to decide disputes which arise among attorneys who are practicing before his court," which is the purpose behind Rule 11).

The parties devote a good deal of their respective briefs to the foregoing matters. The essential elements of the controversy on appeal are, however, contained within the trial-court judgment itself.

**2.** Rule 247 provides as follows:

Every suit shall be tried when it is called, unless continued or postponed to a future day or placed at the end of the docket to be called again for trial in its regular order. *No cause which has been set upon the trial docket of the court shall be taken from the* trial docket for the date set except by agreement of the parties or for good cause upon motion and notice to the opposing party. Tex.R. Civ. P. 247. Even though the parties agree to set a case for a day certain, the setting is subject to the consent of the trial

The judgment recites that the case was called for trial at 2:00 o'clock p.m. on August 30, 1999, the date and time for trial set originally by the plaintiffs; that Herrera announced ready for trial but "the plaintiffs failed to appear";[2] and that Herrera thereupon moved for judgment which the court granted. The decretal part of the judgment, signed by the judge on August 30, 1999, orders that the plaintiffs take nothing by their action against Herrera—a judgment on the merits of the plaintiffs' claim.

The plaintiffs appeal now from the judgment on two assignments of error.

### DISCUSSION AND HOLDINGS

In their first assignment of error, the plaintiffs contend the trial court committed "fundamental error" by rendering against them a judgment on the merits when they failed to appear for trial.

In *Freeman v. Freeman,* 160 Tex. 148, 327 S.W.2d 428 (1959), the court stated that the law of Texas "does not authorize a defendant to take a default judgment which adjudicates against the plaintiff the merits of his suit"; and, the court held that such a judgment is void for want of jurisdiction. *Freeman,* 327 S.W.2d at 431–33. This decision is, perhaps, the basis of the plaintiffs' claim of "fundamental error." The claim is not necessary, however, from the standpoint of preserving error for appellate review, and the plaintiffs' brief in this Court is susceptible of an intention to claim simple reversible error in a voidable judgment.[3]

judge and may not otherwise be relied upon. *See Holliday v. Holliday,* 72 Tex. 581, 10 S.W. 690, 692 (1889).

**3.** Following the take-nothing judgment, the plaintiffs moved for a new trial. At the hearing on the motion, the trial judge orally pronounced that the motion was granted conditioned on the plaintiffs paying Herrera $2,557.50, representing attorney's fees incurred from the date his attorney received from the clerk of the court a letter informing him of the change in trial settings and the

*Freeman v. Freeman* was subsequently disapproved in its holding that such judgments are void for want of jurisdiction; they are, rather, merely voidable. *See Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990). We believe the law continues to be that the trial court may not adjudicate the merits of a plaintiff's claim when he fails to appear for trial, but may only dismiss the claim for want of prosecution.[4] *See, e.g.,* Tex.R. Civ. P. 165a ("A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice."); *Smock v. Fischel,* 146 Tex. 397, 207 S.W.2d 891, 892 (1948); *Burger v. Young,* 78 Tex. 656, 15 S.W. 107, 107 (1890); *Alvarado v. Magic Valley Elec. Co-op., Inc.,* 784 S.W.2d 729, 733 (Tex.App.—San Antonio 1990, writ denied); *Siegler v. Williams,* 658 S.W.2d 236, 241 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Lum v. Lacy,* 616 S.W.2d 260, 261 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *American Sur. Co. v. Thach,* 213 S.W. 314, 314 (Tex. Civ.App.—Austin 1919, no writ).

We therefore sustain the plaintiffs' first assignment of error and will reverse the judgment below.

In their second assignment of error, the plaintiffs contend we should order the case reinstated for trial on the merits or reform the judgment to reflect a dismissal for want of prosecution.

Concerning the first alternative suggested, we cannot order reinstatement of the case because it has not been dismissed. Concerning the second alternative, we believe the proper judgment, following our

reversal, is a general remand to the trial court. *See Smock,* 207 S.W.2d at 893.

We reverse the trial-court judgment and remand the cause to that court.

---

date of the hearing on the motion for new trial. The oral pronouncement was never reduced to a written order signed by the trial judge. Consequently, the oral pronouncement was of no effect as a grant of a new trial. The motion was, for want of a signed, written order, overruled by operation of law seventy-five days after August 30, 1999, the date the judgment was signed. *See* Tex.R. Civ. P. 329b(c); *Taack v. McFall,* 661 S.W.2d 923, 924 (Tex.1983). The plaintiffs perfected

their appeal within the time allowed in such cases. *See* Tex.R.App. P. 26(a)(1).

4. If the plaintiff appears for trial and announces ready but fails to go forward with his case, the trial court *may* adjudicate the merits of his claim. *See Munger Oil & Cotton Co. v. Beckham,* 228 S.W. 128, 130–31 (Tex.Com. App.1921).