Affirmed as Modified and Opinion filed March 6, 2003









Affirmed as Modified and Opinion filed March 6, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00347-CV

____________

 

ALMANARA WORLD CLASS RESTAURANT, INC. 

A/K/A ALMANARA, INC.,
Appellant

 

V.

 

CASPIAN ENTERPRISES, INC. D/B/A CASPIAN HOMES,
Appellee

 



 

On
Appeal from the 133rd District Court

Harris County, Texas

Trial
Court Cause No. 00-39497

 



 

O
P I N I O N

Appellant
failed to appear either in person or through counsel when this case was called
to trial.  In two points of error,
appellant maintains the trial court abused its discretion in: (1) granting a
take nothing judgment against appellant for a failure to appear at trial; and
(2) denying appellant=s AMotion to Set Aside Default, or Alternatively, Motion for New
Trial.@  We affirm as modified.








PROCEDURAL
BACKGROUND

This
appeal arises from a multi-party dispute over a restaurant lease.  The commercial real estate tenant, Haysam
Alia, leased the property in question from MGA Interests, Inc.  In violation of the lease, Alia subleased the
property to Al Alya, who operated the Almanara Restaurant on the site.  Alya later subleased the property to Bahzad
Aradghani.  In 2000, appellant sought
injunctive relief against Aradghani, who in turn filed a counterclaim as well as
third party claims against Alya and Manar Saah, who were also plaintiffs in the
action. When MGA learned of the subleases, it put Alia on notice of default
under the terms of the lease and subsequently obtained a final judgment in the
justice court for possession.  During the
underlying litigation, MGA sold both the property and leasehold estate rights
to appellee.  Appellee was named as a
defendant in appellant=s First Amended Petition.

On
January 7, 2002, the trial court called the case to trial.  Present were appellee and Aradghani.  No other parties appeared.  Appellee appeared through counsel, Robert A.
Axelrad, while Aradghani appeared pro se. 
Neither appellant nor appellant=s attorneys, James C. Plummer and Ray L. Shackelford, appeared
at the trial setting.  The record
reflects that the trial court telephoned Shackelford, who refused the
opportunity to appear and stated that he was no longer counsel of record.  The following exchange then took place
between the trial court and counsel for appellee:

MR.
AXELRAD:  I would ask the Court to grant
the Default Judgment in this case.

THE
COURT:  Well, you=re
the Defendant, so a default probably would not be the case, but if you=re
asking me to strike the pleadings or deny relief, I=m
not quite sure which it is you=re
asking me.

MR.
AXELRAD:  I=m
asking you for a Judgment Nihil Dicit which is a judgment that the Court
renders that the Plaintiff take nothing for failure to appear in this case
today, Your Honor.[1]








THE COURT:  Granted.

The
next day, the trial court signed its order of final judgment.  The order states that plaintiffs failed to
appear when the case was called to trial despite the fact they were properly
notified of the trial setting.  Citing
the failure to appear as grounds for the requested relief, the order recited
that Athe
Plaintiffs take nothing on all their causes of action.@  The order did not state that the case was
being dismissed for want of prosecution.

On
January 22, the plaintiffs, through Plummer, filed their AMotion
to Set Aside Default or, Alternatively, Motion for New Trial.@  In relevant parts,
the motion set forth the following:

On or about January 7, 2002, [the action] was called
to trial, and upon the failure of the plaintiffs to appear, judgment was
entered dismissing the action. This is the plaintiffs' request to set aside the
judgment, and reinstate this matter on the court's docket or, alternatively,
for new trial.

.   .   .

Unless reinstated or granted a new
trial, plaintiffs will be harmed by any final judgment that has been or might
be entered. Accordingly, plaintiffs request that the judgment entered in this
matter be set aside or, alternatively, that they have a new trial on the merits
of this claim.[2]








Appended
to the motion were two single sentence verifications signed by Plummer and
Shackelford.  Both verifications were
identical and in their entirety read: AAffiant upon oath swears that the foregoing statements are
true.@  The verifications did not state whether or
not they were made upon personal knowledge of the affiant.[3]  

The
document did not direct the court=s attention to any authority, nor did it address the issue of
whether there had been  a dismissal for
want of prosecution.  At the hearing on
this motion, however, appellant recharacterized it as a motion to reinstate
brought under Rule 165a.  In making this
argument, counsel for appellee stated:

MR.
PLUMMER:  We have filed a Motion to Set
Aside Default or Alternatively for a New Trial. 
And I want to call the Court=s
attention to a sudden realization that I think what we=re
addressing is not a Motion to Set Aside a Default or a Motion B
in that sense.

I
think this is really a Rule 166(a) motion asking that this matter be
reinstated. Under the rules it seems to me 166(a) is the appropriate rule for
Plaintiff in this context where the matter is dismissed for want of
prosecution.[4]

 

After
testimony and argument, the trial court denied appellee=s
AMotion
to Set Aside Default, or Alternatively, Motion for New Trial@
on March 20, 2002.  In that order, the
trial court noted that Aafter reviewing the motions, the pleadings, and arguments of
counsel, [the court] is of the opinion that the [motion] should be denied@
and is Ahereby
denied in its entirety.@  This appeal, perfected
by appellant but no other parties, ensued.








PRESERVATION
OF ERROR

Appellant
contends the trial court could not grant a take nothing judgment for failure to
appear at trial but could only dismiss the claims for want of prosecution.  Appellant did not advance this argument in
its original motion.  Thus, we must first
ascertain whether appellant sufficiently preserved error for our review.  Cf. Labrie v. Kenney, No. 07‑02‑0018‑CV,
2003 WL 122377, at *4 (Tex. App.CAmarillo Jan. 13, 2003, no pet. h.) (stating error in improper
dismissal for want of prosecution is Asubject to waiver if the trial court is not given an
opportunity to correct it or if the question is not properly raised on appeal@);
Andrews v. ABJ Adjusters, Inc., 800 S.W.2d 567, 568 (Tex. App.CHouston
[14th Dist.] 1990, writ denied) (noting argument that dismissal for want of
prosecution Awith prejudice@ was improper but argument could be waived on appeal).

Though
the motion was styled as a AMotion to Set Aside Default, or Alternatively, Motion for New
Trial,@
appellant abandoned that characterization at the hearing and argued it as a
Motion to Reinstate brought under Rule 165a.[5]  Although he now contends that a take nothing
judgment was inappropriate under the circumstances, Plummer repeatedly informed
the court that he was arguing a motion to reinstate.  At the hearing, he stated:

The
issue is a . . . 165(a) issue on a Motion to Reinstate.  We have made the appropriate allegations in
our motion improperly characterized as a Motion to Set Aside Default or for a
New Trial and based upon those allegations, we=d
ask the Court to reinstate the matter on the Court=s
docket.

 

Briefly,
mid-way through the hearing and just before the witnesses testified, Plummer
alluded to the argument he now makes on appeal when he made the following
request of the trial court:








Now,
in the event the Court does not reinstate it, we would ask the Court to reB
reform the judgment to reflect that its [sic] Dismissal for Want of Prosecution
because I believe that=s the
appropriate proceeding under these circumstances.  It is not a default, but a dismissal for want
of prosecution.

.  
.   .

So we would ask the Court to do that. And without further
argument to the Court, we would ask the Court to rule in that regard, that this
is a 165(a) proceeding and that it=s a Motion to Reinstate and that we=re
entitled to reinstatement.

 

At
the end of the hearing, the trial court characterized the hearing as an inquiry
into whether the motion was Aa Motion to Set Aside a Default and alternative [sic] Motion
for New Trial or a motion not styled, but otherwise related to 165 and 165(a).@  Necessarily included in that assessment was
the request by appellant to reform the judgment.  The trial court did not rule on the day of
the hearing.  Rather, the court asked the
parties for additional briefing which is not in the appellate record.  The trial court denied the requested relief in
its entirety.  We conclude appellant=s
request that the trial court reform the judgment to reflect a dismissal for
want of prosecution was sufficient to preserve error.  Appellant stated the grounds for the ruling
sought with sufficient specificity to make the trial court aware of the
complaint when he made a specific request that the trial court reform the
judgment.  See Tex. R. App. P. 33.1(a)(1). 

ANALYSIS








In
its first point of error, appellant argues the trial court erred in granting a
take nothing judgment against appellant for failure to appear at trial because
the only ruling the trial court could make was a dismissal  for want of prosecution, as appellant was a
plaintiff.  In advancing this argument,
appellant relies on State v. Herrera, 25 S.W.3d 326 (Tex. App.CAustin
2000, no pet.).  In that case, the State,
two municipalities, and a city transit authority sued a taxpayer to collect
past‑due state and local sales taxes, penalties, and interest owed
them.  Id. at 327.  When the case was called for trial, the
plaintiffs failed to make an appearance. 
Id.  The taxpayer-defendant
announced that he was ready to proceed and then moved for judgment.  Id. 
The trial court granted the motion and ordered that the plaintiffs take
nothing by their action against the taxpayer-defendant.  Id. 
Reversing and remanding, the Austin Court of Appeals heldAthe
trial court may not adjudicate the merits of a plaintiff's claim when he fails
to appear for trial, but may only dismiss the claim for want of prosecution.@  Id. at 328.

The
rationale for such a rule is manifest; an important distinction between
dismissals with and without prejudice is the preclusive effect of these two
types of judgments.  Orders dismissing cases
with prejudice have full res judicata and collateral estoppel effect, barring
subsequent relitigation of the same causes of action or issues between the same
parties.  See Barr v. Resolution Trust
Corp., 837 S.W.2d 627, 630B31 (Tex. 1992).  A take
nothing judgment is a dismissal with prejudice. 
See Garcia‑Marroquin v. Nueces County Bail Bond Bd., 1
S.W.3d 366, 379 n.8 (Tex.
App.CCorpus Christi 1999, no pet.) (noting that the statement, Aplaintiff
take nothing by her suit,@ constitutes a decision on the merits).  Thus, it constitutes a decision on the merits
and acts as a final determination on the merits of the case.  See Id;  see also Mossler v. Shields, 818
S.W.2d 752, 754 (Tex. 1991) (A[I]t is well established that a dismissal with prejudice
functions as a final determination on the merits.@).








On
the other hand, a dismissal for want of prosecution is not a trial on the
merits, and thus, a dismissal for want of prosecution with prejudice is
inappropriate.  See Massey v. Columbus
State Bank, 35 S.W.3d 697, 700 (Tex. App.CHouston [1st Dist.] 2000, pet. denied); Attorney General of
the State of Texas v. Abbs, 812 S.W.2d 605, 608 (Tex. App.CDallas  1991, no writ).  When a case is dismissed for want of
prosecution, it is rare that there would be any legal premise for its dismissal
with prejudice since ordinarily the case might be refiled.  See Stein v. Lewisville Indep. Sch. Dist.,
481 S.W.2d 436, 441 (Tex.
Civ. App.CFort Worth 1972, writ ref=d n.r.e.); see also Labrie 2003 WL 122377, at *4 (noting
that a dismissal for want of prosecution with prejudice is improper); see
also Shields v. Boone, 22 Tex. 193 (Tex. 1858) (noting that a dismissal for
want of prosecution does not interrupt the running of the statute of
limitations); Shaw v. Corcoran, 570 S.W.2d 96, 98 (Tex. Civ. App.CAustin
1978, no writ) (noting that Adismissal for want of prosecution will have the same effect as
if the suit had never been filed.@).  Therefore, when a
trial court grants a take nothing judgment when it should instead dismiss the
case for want of prosecution, it prevents the litigant from pursuing the case
and defeats the purpose of Rule 165(a).

Other
courts have reached similar results under this rationale.  Citing and relying upon Herrera, the
El Paso Court of Appeals recently reversed and remanded a case under Aremarkably
similar facts.@  See Slaughter v.
Clement, 64 S.W.3d 448, 450 (Tex. App.CEl Paso 2001, no
pet.).  In that case, the trial court
denied the former wife=s motion to modify a divorce decree after she failed to appear
at trial.  Id. at 449B50.  The trial court=s order stated that in failing to appear in person or through
her attorney the former wife had wholly defaulted.  Id. at 450.  The trial court denied her motion to
reinstate the case.  Id.  The appellate court reversed and remanded to
the trial court after finding that A[t]he judgment on its face reveals error C
the denial of [the former wife=s] motion to modify was an adjudication on the merits upon her
failure to appear for trial.@  Id. at 451.  In so doing, the court expressed no opinion
as to whether upon notice and hearing, the cause should be dismissed for want
of prosecution.  Id.  In recent unpublished cases, the Corpus
Christi and Dallas Courts of Appeals have cited the same line of authority to
reach the same result.  See Dolenz v.
Pirate=s Cove Water Supply & Sewage Serv. Corp., No. 13-99-740-CV, 2001 WL 1002434, at *1 (Tex. App.CCorpus
Christi 2001, pet. denied) (not designated for publication); Dolenz v.
Corpus Christi Int=l Sch. of Sailing, Inc.,
No. 05-00-00692-CV, 2001 WL 259129, at *1B2 (Tex. App.CDallas 2001, no pet.) (not designated for publication).  Accordingly, we sustain appellant=s
first issue and find the trial court abused its discretion in granting a take
nothing judgment against appellant for failure to appeal at trial.

DENIAL
OF THE MOTION








In
its second point of error, appellant contends the trial court abused its
discretion by denying its AMotion to Set Aside Default, or Alternatively, Motion for New
Trial.@  Having concluded the trial court abused its
discretion in granting a take nothing judgment when its only option was a
dismissal for want of prosecution, we sustain appellant=s
second point.

For
reasons articulated in our discussion of appellant=s
first point of error, we cannot order reinstatement of the case because it has
not been dismissed.  Herrera, 25
S.W.3d at 328.  In its prayer for relief,
appellant asks that this court reverse and remand the case for a trial on the
merits, or alternatively, reverse the trial court=s order denying reinstatement 
and remand the case to the trial court for a determination as to whether
appellant=s claims should be dismissed pursuant to Rule 165(a).  At the hearing on the motion, appellant
recharacterized his motion as a motion to reinstate brought pursuant to Rule
165(a), but he also made an oral request that the trial court reform the
judgment to reflect a dismissal for want of prosecution.  As reinstatement is inappropriate under the
circumstances, the only appropriate relief sought by appellant at the trial
court level was a reformation of the judgment to reflect that it was a
dismissal for want of prosecution.  The
court of appeals may modify the trial court=s judgment and affirm it as modified.  See Tex.
R. App. P. 43.2(b).  Thus, under
the circumstances presented by this case, we find that the appropriate
disposition is to affirm the judgment as modified to reflect a dismissal for
want of prosecution.  De La Garza v.
Express‑News Corp., 722 S.W.2d 251, 253 (Tex. App.CSan Antonio 1986, no writ) (affirming judgment as reformed by rendering
judgment that should have been rendered by ordering that take nothing judgment
be dismissed); Cash Buyers, Inc. v. Sash, No. 14‑99‑01169‑CV,
2001 WL 931298, at *3 (Tex.
App.CHouston [14th Dist.] 2001, no pet.) (not designated for publication) (reforming
take nothing judgment to reflect a dismissal for want of prosecution); but
see Herrera, 25 S.W.3d at 328 (declining to reform the judgment to reflect
a dismissal for want of prosecution).

CONCLUSION








As
the trial court erred to the extent that its order states Athe
Plaintiffs take nothing on all their causes of action,@
we order the judgment be reformed to restate that cause of action is dismissed
for want of prosecution. 

For
the foregoing reasons, the judgment is affirmed as modified.

 

 

 

/s/        Eva
M. Guzman

Justice

 

 

Judgment rendered and Opinion filed March
6, 2003.

Panel consists of Justices Edelman, Seymore,
and Guzman.

 

 











[1]  Both a default
judgment and a judgment nihil dicit would be inappropriate under the facts of
this case.  See Stoner v. Thompson,
578 S.W.2d 679, 682B83 (Tex. 1979) (distinguishing among a default
judgment, a post‑answer default judgment, and a judgment nihil dicit).





[2]  The motion
also alleged that since September 20, 2002, Plummer had been the Aprincipal counsel in the prosecution of plaintiffs= claims.@  On the occasion of a party=s first appearance through counsel, the attorney whose
signature first appears on the initial pleadings for any party shall be the
attorney in charge, unless another attorney is specifically designated
therein.  Tex. R. Civ. P. 8.  In
the Plaintiff=s Original Petition and Application for Temporary
Restraining Order, the only signature by an attorney was that of Ray L.
Shackelford.  In the Plaintiff=s Original Answer to Counterclaim, as well as in the
First Amended Petition and Application for Injunctive Relief, both the names of
Shackelford and attorney James C. Plummer appeared, though Shackelford=s appeared first. 
The first document on which only Plummer=s name
appeared as the attorney of record was the AMotion
to Set Aside Default, or Alternatively, Motion for New Trial.@





[3]  Rule 165a(3)
requires verification by the movant or the movant=s
attorney of a motion to reinstate. Tex.
R. Civ. P. 165a(3); McConnell v. May, 800 S.W.2d 194, 194 (Tex.
1990) (per curiam).  Because of the
nature of our disposition of this case, we need not decide whether single line
verifications by attorneys in a Motion to Reinstate are sufficient.  A party=s
attorney may verify the pleading where he has knowledge of the facts, but does
not have authority to verify based merely on his status as counsel.  See Cantu v. Holiday Inns, Inc., 910
S.W.2d 113, 116 (Tex. App.CCorpus Christi 1995, writ denied).  In the pleading or affidavit, counsel must
show the basis for his or her personal knowledge of relevant facts.  See id.; see also Burke v.
Satterfield, 525 S.W.2d 950, 955 (Tex. 1975) (noting that verifications are
intended to be so direct and unequivocal as to subject the affiant to perjury
if untrue).





[4]  Though in this
initial exchange he miscited the rule governing motions to reinstate as Rule
166(a), counsel for appellee later corrected himself and invoked the proper
rule, 165(a).





[5]  At
the hearing, appellant framed its argument as if the case had been dismissed
for want of prosecution.  We note that
the only evidence that the case was dismissed for want of prosecution is the
language in the judgment stating that plaintiffs Afailed
to appear@ and the fact
that appellee=s oral motion
for judgment was granted.  The judgment,
which recites nothing about a dismissal for want of prosecution, clearly and
specifically states that this case was decided by a take-nothing judgment.