# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00551-CV

**Edith Fontenot, Appellant**

**v.**

**Margaret Hanus, Michael Hanus, and William S. Carver, III, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. GN403516, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Edith Fontenot, representing herself pro se, sued appellees Margaret Hanus, Michael Hanus, and William S. Carver, III, seeking a judgment declaring that she had the right to use a road on appellees' property to access her land. The case was set for a jury trial on May 23, 2005, but on May 11, 2005, appellees filed a motion for continuance and to strike the May 23 setting, stating that Fontenot had not met the requirements for a jury trial or paid the jury fee and that the case had not been referred to pretrial mediation as required by the Travis County Local Rules. On May 19, a hearing was held on the motion, and the trial court denied the motion for continuance; it appears that Fontenot paid the jury fee that same day. On May 23, Fontenot did not appear at the 9:00 a.m. docket call, and the trial court signed a default judgment against her, denying Fontenot access to her property across appellees' property. On June 22, thirty days after the default judgment was signed, Fontenot filed a motion for new trial, asserting that she had arrived late to

court on May 23, only to learn that the docket had been called promptly at 9:00 a.m. and that a default judgment had been granted in her case. She explained that she misunderstood the docket-call process and asked to have her case reinstated. Appellees filed a response to Fontenot's motion, and after a hearing, the trial court denied Fontenot's motion for new trial. It is from the denial of her motion for new trial that Fontenot appeals, complaining largely that the trial court erred in refusing to grant her a new trial.[1] We modify the trial court's default judgment to reflect instead a dismissal for want of prosecution and affirm the judgment as modified.

The trial court entered a "default judgment" purporting to decide the merits of the case. *See* Tex. R. Civ. P. 239. However, when a plaintiff fails to appear, the trial court may not enter a default judgment against her and may only dismiss the cause without prejudice. *Freeman v. Freeman*, 327 S.W.2d 428, 431 (Tex. 1959) ("The law of this state does not authorize a defendant to take a default judgment which adjudicates against the plaintiff the merits of his suit."); *Smock v. Fischel*, 207 S.W.2d 891, 892 (Tex. 1948) ("It is a well-established rule that when a plaintiff fails to appear and prosecute his case, the court can not try the plaintiff's cause of action, but the only remedy is to dismiss the same."); *State v. Herrera*, 25 S.W.3d 326, 328 (Tex. App.—Austin 2000, no pet.). Because Fontenot failed to appear at the May 23 docket call, the trial court could have dismissed her case for want of prosecution. *See* Tex. R. Civ. P. 165a(1). The court was not, however, authorized to enter a default judgment against her. Therefore, we modify the default judgment to reflect a dismissal under rule 165a(1). *See* Tex. R. App. P. 43.2(b), 43.3.

As for Fontenot's issues on appeal, we note that Fontenot's brief does not comply with the rules of appellate procedure. Aside from referring to *Craddock v. Sunshine Bus Lines, Inc.*,

---

[1] Appellees have not filed a brief in this case.

133 S.W.2d 124 (Tex. 1939), for its discussion of when a motion for new trial should be granted, she cites no authority and presents virtually no argument. We recognize that Fontenot is representing herself pro se, and we therefore will attempt to read her brief liberally to address the arguments she presents. However, pro se litigants must comply with the same procedural rules followed by represented parties, and we cannot hold pro se litigants to a different standard than applied to represented parties. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

Fontenot lists nine "issues presented," but does not present argument on all issues, instead focusing what little argument she makes on whether the trial court should have granted her motion for new trial. However, Fontenot did not present any evidence before the trial court to support her assertions that her failure to appear was unintentional and not the result of conscious indifference, either in an affidavit attached to her motion or through sworn testimony at the hearing. Thus, the trial court did not abuse its discretion in denying Fontenot's motion for new trial. *See Director, St. Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994).

As for Fontenot's unbriefed issues, we will briefly address them as best we understand them. Fontenot asserts that the trial court used inconsistent docket call procedures, but does not explain how the trial court erred and has not shown any inconsistent practices.[2] Instead, the hearing before the trial court shows that Fontenot admitted to misunderstanding the docket call process. Fontenot further complains that the trial court should not have allowed appellees to rely on an unpublished case from this Court. However, the case to which appellees referred, *Limestone*

---

[2] Fontenot has attached to her brief an affidavit attempting to explain what she characterizes as inconsistent practices. However, she did not present this affidavit before the trial court, and we therefore may not consider it. *See Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 342 n.2 (Tex. App.—Houston [14th Dist.] 2003, no pet.). We note, however, that the affidavit does not show any improper or inconsistent practices by the trial court.

*Construction, Inc. v. Summit Commercial Industrial Properties, Inc.*, is a published opinion. *See* 143 S.W.3d 538 (Tex. App.—Austin 2004, no pet.).[3] As for Fontenot's complaints related to the trial court's allowing appellees to present evidence of Fontenot's alleged conduct during the lawsuit and its refusal to allow her to present evidence of appellees' conduct, she has not briefed this issue or shown that the trial court erred in its management of the hearing on her motion for new trial. Finally, Fontenot asserts that the trial court erred in telling her she could not refile her lawsuit, which she states amounted to a dismissal with prejudice. Because we have modified the judgment to reflect a dismissal for want of prosecution, rather than a default judgment, any error in the trial court's statement has been addressed.

The trial court erred in granting a default judgment in favor of appellees, rather than simply dismissing the suit under rule 165(a). We therefore modify the judgment to reflect a dismissal for want of prosecution. Fontenot has not shown reversible error on the trial court's part, and we therefore affirm the judgment as modified.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Modified and, as Modified, Affirmed

Filed: August 17, 2007

---

[3] Under the rules of appellate procedure, opinions are no longer "published" or "unpublished." Instead, they are designated "memorandum opinions" or "opinions." *See* Tex. R. App. P. 47.2(a).