# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00108-CV

**Firststone Heights LLC (1512 Forest Trail Apts), Appellant**

**v.**

**Travis Central Appraisal District, Appellee**

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-004782, THE HONORABLE SCOTT JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the judgment of the district court of Travis County in a suit contesting the order of the Appraisal Review Board setting the value of a lot in Austin. Appellant is Firststone Heights LLC[1] and appellee is the Travis County Central Appraisal District (District). We will reverse the judgment.

Firststone set the case for trial but failed to appear when the case was called. The District, however, was present and announced ready. In the absence of Firststone, the trial court proceeded to try the case and rendered judgment fixing the appraised value of the property. The judgment recited in part, "After considering the pleadings, evidence, and [the District's]

---

[1] The petition, answer, judgment, motion for new trial, motion for attorney's fees and sanctions, and order denying motion for new trial and motion for attorney's fees and sanctions refer to appellant as "Firststone." But appellant's notice of appeal and brief in this Court style appellant as "Firestone." We will follow the usage in the trial court.

arguments, and because [Firststone] failed to appear and present evidence or argument, the Court rules in favor of [the District]."

Firststone argues that the proper remedy was dismissal of the case. We agree. When a plaintiff fails to appear and prosecute his case, the trial court cannot try the plaintiff's cause of action, and the only remedy is to dismiss the same. *Smock v. Fischel*, 207 S.W.2d 891, 902 (Tex. 1948); *Federal Royalties Co. v. McKnight*, 77 S.W.2d 542, 543 (Tex. App.—El Paso 1934, writ ref'd); *State v. Herrera*, 25 S.W.3d 326, 328 (Tex. App.—Austin 2000, no pet.); *see Chacon v. Jellison*, No. 03-02-00072-CV, 2003 WL 1560184, at *4 (Tex. App.—Austin Mar. 27, 2003, no pet.) (mem. op.) (concluding that when plaintiff fails to appear for trial, trial court may only dismiss plaintiff's claims without prejudice).

We reverse the trial court's judgment and render judgment dismissing Firstone's action without prejudice.

_____
Bob E. Shannon, Justice

Before Justices Baker, Triana, and Shannon*

Reversed and Rendered

Filed: October 28, 2020

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).