# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00109-CV

**Rosa E. Santis and Rosa Santis, Appellants**

**v.**

**Travis Central Appraisal District, Appellee**

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-004778, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Rosa E. Santis and Rosa Santis,[1] the plaintiffs below, appeal from the final judgment that the district court entered in favor of the Travis Central Appraisal District (the District) after appellants failed to appear for the trial on the merits. For the following reasons, we reverse the final judgment and render judgment dismissing the case for want of prosecution.

## Background

Appellants protested the appraised values of six parcels of property for tax year 2017. *See* Tex. Tax Code § 41.41(a) (authorizing property owner to protest property's appraised value before appraisal review board). After holding hearings on appellants' protests, the District's Appraisal Review Board (ARB) determined by written orders that the appraised value

---

[1] The orders determining protest refer to the owner of the property as either Rosa E. Santis or Rosa Santis. It is unclear from the record whether Rosa E. Santis is the same person as Rosa Santis. Consistent with the parties' briefing, we refer to them as appellants.

of two parcels should remain unchanged and that the market value as to the other parcels was excessive and, therefore, that the appraised value of those parcels should be reduced.[2] *See id.* §§ 41.45 (stating that appraisal review board shall hold hearing on protest and setting out procedure for hearing), 41.47(a) (requiring appraisal review board to determine protest and make decision by written order).

Appellants thereafter appealed the ARB's orders in district court. *See id.* § 42.01 (authorizing property owner to appeal order by appraisal review board determining owner's protest that was brought under chapter 41 of Tax Code). In their petition, appellants alleged that their property was unequally or excessively appraised and, among their requests for relief, asked the trial court to render judgment "[s]etting the market and/or appraised value of [appellants]' property as of January 1 of [2017] below the final value determined by the ARB." The District answered by filing a general denial.[3]

---

[2] The ARB determined that the appraised value of Property ID 190079 should remain at $1,017,050, and the appraised value of Property ID 190123 should remain at $1,296,153. The ARB also determined that the appraised value should be changed for three parcels as follows:

(i)     Property ID 192091: $1,000,000 (reduced from the District's value of $1,161,755);

(ii)    Property ID 190003: $756,757 (reduced from the District's value of $825,008); and

(iii)   Property ID 191873: $1,204,741 (reduced from the District's value of $1,634,697).

As to the remaining parcel at issue, the record does not contain the ARB's order determining appellants' protest. Appellants included in their petition a copy of the order determining the protest that addressed "Property ID 188561," but they identify this parcel by referring to "Property ID 188567" in their petition. In its final judgment, the district court determined the appraised value for Property ID 188567.

[3] The District's answer also included: (i) a plea to the jurisdiction and (ii) special exceptions concerning the "unclear identification" in appellants' petition between the identified

2

Appellants set the case for trial on the merits on November 13, 2018, but they failed to appear for trial. In the final judgment that the district court signed on that day, the court states that it was ruling in favor of the District "[a]fter considering the pleadings, evidence, and [the District]'s arguments" and determined the appraised values of appellants' property in amounts that were greater than the amounts that the ARB had determined in its orders.[4] No reporter's record was taken of the trial. Appellants filed a motion for new trial. Following a hearing, the district court denied the motion.[5] This appeal followed.

**Analysis**

Appellants raise six issues on appeal. They argue that the district court erred in: (i) adjudicating the merits of their claims without them being present for the trial, (ii) failing to dismiss their case for want of prosecution when they did not appear for trial, (iii) failing to take a record of the trial court proceedings, (iv) granting the District affirmative relief when it did not seek affirmative relief, and (v) denying their motion for new trial. They also argue that the district court did not have jurisdiction to grant the District affirmative relief.

---

Property ID 188567 and the attached notice of the ARB's order that concerned Property ID 188561.

[4] Specifically, the district court determined the following appraised values in its final judgment: (i) Property ID 188567: $2,705,348; (ii) Property ID 190003: $825,008; (iii) Property ID 190079: $1,017,050; (iv) Property ID 190123: $1,296,153; (v) Property ID 191873: $1,634,697; and (vi) Property ID 192091: $1,161,755.

[5] At the hearing on appellants' motion for new trial, appellants' counsel represented to the district court that appellants' failure to appear for trial was because counsel had misinterpreted Travis County local rules. On appeal, appellants similarly represent that the failure to appear was "[d]ue to accident and mistake regarding a misinterpretation of the trial court's Local Rules and prior experience dealing with the court's trial dockets and announcements regarding trial settings."

3

In an appeal from an appraisal review board's order determining a protest, the district court's "[re]view is by trial de novo." Tex. Tax Code § 42.23(a). "The district court shall try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally." *Id.* Relevant to this appeal, one procedural rule applicable to civil suits generally is that "the trial court may not adjudicate the merits of a plaintiff's claim when he fails to appear for trial, but may only dismiss the claim for want of prosecution." *State v. Herrera*, 25 S.W.3d 326, 328 (Tex. App.—Austin 2000, no pet.); *see* Tex. R. Civ. P. 165a (authorizing trial court to dismiss case for want of prosecution "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice"); *Smock v. Fischel*, 207 S.W.2d 891, 892 (Tex. 1948) ("It is a well-established rule that when a plaintiff fails to appear and prosecute his case, the court cannot try the plaintiff's cause of action, but the only remedy is to dismiss the same."); *Fontenot v. Hanus*, No. 03-05-00551-CV, 2007 Tex. App. LEXIS 6610, at \*6 (Tex. App.—Austin Aug. 17, 2007, no pet.) (mem. op.) (concluding that trial court erred in granting "default judgment" against plaintiff when plaintiff did not appear for trial, "rather than simply dismissing the suit under rule 165a"); *Almanara World Class Rest., Inc. v. Caspian Enters.*, No. 14-02-00347-CV, 2003 Tex. App. LEXIS 1918, at \*10–15 (Tex. App.—Houston [14th Dist.] Mar. 6, 2003, no pet.) (not designated for publication) (explaining rationale for rule that prohibits judgment on merits when plaintiff does not appear for trial and discussing cases applying rule); *Dolenz v. Corpus Christi Int'l Sch. of Sailing, Inc.*, No. 05-00-00692-CV, 2001 Tex. App. LEXIS 1806, at \*4 (Tex. App.—Dallas Mar. 16, 2001, no pet.) (mem. op.) (concluding that trial court erred in entering judgment on merits against plaintiff on his claims and explaining that "[w]hen [plaintiff] failed to appear for trial, the only action the trial court was authorized to take was to dismiss his claims without prejudice").

4

The District does not directly address this procedural rule or opinions addressing it, but its argument seems to be that the rule does not apply because "both the property owner and the appraisal district are considered parties 'seeking affirmative relief'" in these types of appeals. Citing section 42.23(d) of the Tax Code, the District argues that "it is widely understood by courts across the state (as well as being clearly stated in the Tax Code) that both parties to such an ad valorem appeal have the opportunity to prove what the appraised value of the property is" and that the District "was not required to plead any 'affirmative defenses'" "to simply put on its own evidence of appraised value."

Section 42.23(d) of the Tax Code states in pertinent part: "Each party to an appeal is considered a party seeking affirmative relief for the purpose of discovery regarding expert witnesses under the Texas Rules of Civil Procedure. . . ." Tex. Tax Code § 42.23(d). The plain language of this provision, however, makes clear that each party is considered to be "seeking affirmative relief" only for the limited purpose of specified discovery. *See Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930–31 (Tex. 2010) (explaining that courts generally "construe the text according to its plain and common meaning" and "must not give the words used by the Legislature an 'exaggerated, forced, or constrained meaning'" (quoting *City of Austin v. Southwestern Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex. 2002))); *see also City of Rockwell v. Hughes*, 246 S.W.3d 621, 631 (Tex. 2008) (declining to read additional words into statute when construing it). Construing its plain language, we conclude that section 42.23(d) does not support the District's position that, by virtue of its status as a party in appellants' appeal to district court, it was a party seeking affirmative relief for purposes other than the specified discovery.

5

"To state a claim for affirmative relief, a defendant must allege a cause of action 'independent of the plaintiff's claim on which the defendant could recover benefits, compensation, or relief, even if the plaintiff were to abandon or fail to establish his cause of action.'" *Owens v. Ousey*, 241 S.W.3d 124, 132 (Tex. App.—Austin 2007, pet. denied) (quoting *Howell v. Mauzy*, 899 S.W.2d 690, 706 (Tex. App.—Austin 1994, writ denied)); *see* Tex. R. Civ. P. 47 (stating that "original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain (a) short statement of the cause of action sufficient to give fair notice of the claim involved"); *University of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 101 (Tex. 2006) ("A claim for affirmative relief must allege a cause of action, independent of the plaintiff's claim, on which the claimant could recover compensation or relief, even if the plaintiff abandons or is unable to establish his cause of action.").

In this case, the District filed a general denial, "den[ying] each and every, all and singular, allegations made in Plaintiff's Original Petition and demand[ing] strict proof thereof," with a prayer for relief that "Plaintiff take nothing by this lawsuit, that the Defendant has judgment herein, that Defendant be discharged from all liability and costs, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled." *See* Tex. R. Civ. P. 92 ("A general denial of matters pleaded by the adverse party which are not required to be denied under oath, shall be sufficient to put the same in issue."); *Cadle Co. v. Castle*, 913 S.W.2d 627, 631 (Tex. App.—Dallas 1995, writ denied) (explaining that general denial "puts at issue all matters not required to be denied under oath or affirmatively pleaded"). The District could have filed its own notice of appeal or a counterclaim but chose not to do either. *See* Tex. R. Civ. P. 97 (addressing counterclaims); Tex. Tax Code §§ 42.02 (stating

6

prerequisites for appeal by chief appraiser), .23(a) (explaining that "district court shall try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally"); *Harris Cnty. Appraisal Dist. v. Houston 8th Wonder Prop., L.P.*, 395 S.W.3d 245, 249–50 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (describing statutory prerequisites that appraisal district must satisfy to appeal order by appraisal review board).

Based on our review of the District's pleading, we conclude that it did not "allege a cause of action 'independent of'" appellants' claims on which the District "could recover benefits, compensation, or relief," even if appellants were to abandon or fail to establish their cause of action. *See Owens*, 241 S.W.3d at 132; *see also* Tex. R. Civ. P. 162 (allowing plaintiff to dismiss case or take non-suit "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence"); *id.* R. 165 (addressing abandonment of claim). Thus, appellants were the only parties seeking affirmative relief when the district court called the case for trial. In this context, the district court should not have proceeded to adjudicate appellants' claims. *See Herrera*, 25 S.W.3d at 328 (explaining that trial court "may not adjudicate the merits of a plaintiff's claim when he fails to appear for trial, but may only dismiss the claim for want of prosecution"); *see also* Tex. Tax Code § 42.23(a); Tex. R. Civ. P. 165a.

The District cites cases and other authorities to support its right to offer new evidence of value at the trial on the merits in a property owner's appeal and the district court's authority in its de novo review to set the value of the property higher than the value determined by the appraisal review board. *See* Tex. Tax Code § 42.24(1) (authorizing district court to "fix the appraised value of property in accordance with the requirements of law if the appraised value is at issue"); U.S. Const. amend. XIV, § 1 (providing due process of law); Tex. Const. art. I, §§ 13 (providing that all courts shall be open), 19 (providing due course of law); *Cherokee Water*

7

*Co. v. Gregg Cnty. Appraisal Dist.*, 801 S.W.2d 872, 877 (Tex. 1990) ("Given the appeal of the district's appraisal is by trial de novo, the trial court clearly has power to determine market value whether it be higher or lower than the value determined by the appraisal district."); *Houston 8th Wonder Prop.*, 395 S.W.3d at 253 (explaining that "appraisal district was not required to perfect its own appeal for the trial court to have the ability to increase the property value in its de novo determination of 'the appraised value of property in accordance with the requirements of law'" (quoting Tex. Tax Code § 42.24(1))).

The District's cited authorities, however, do not impact the threshold question of whether the district court was authorized to proceed with the trial on the merits of appellants' claims when they—the parties seeking affirmative relief—failed to appear for the trial. The District has not cited, and we have not found, authority that would support the conclusion that the Texas Rules of Civil Procedure are inapplicable to this type of appeal to district court, and the Tax Code itself supports the contrary conclusion. *See* Tex. Tax Code § 42.23(a) (stating that "district court shall try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally"); *see, e.g.*, *Houston 8th Wonder Prop.*, 395 S.W.3d at 257 (applying rule of civil procedure in appeal from appraisal review board's order).

On this record, we conclude that the district court erred when it adjudicated the merits of appellants' claims when appellants failed to appear for trial. *See Smock*, 207 S.W.2d at 892; *Herrera*, 25 S.W.3d at 328. We also conclude that the district court's error was harmful because it resulted in the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a) (explaining that judgment may be reversed on appeal on ground that trial court made error of law when "error complained of . . . probably caused the rendition of an improper judgment"). Rather

8

than dismissing appellants' claims without prejudice when appellants did not appear for trial in accordance with Rule 165a, the district court rendered judgment in favor of the District.

For these reasons, we sustain appellants' first and second issues and conclude that the district court's judgment in favor of the District must be reversed and judgment rendered dismissing the case for want of prosecution. *See Firststone Heights LLC v. Travis Cent. Appraisal Dist.*, No. 03-19-00108-CV, 2020 Tex. App. LEXIS 8704, at *1–2 (Tex. App.—Austin Oct. 28, 2020, no pet) (mem. op.) (reversing and rendering judgment dismissing action without prejudice); *see also Fontenot*, 2007 Tex. App. LEXIS 6610, at *3, 6 (affirming judgment after modifying it to reflect dismissal for want of prosecution); *Almanara World Class Rest.,* 2003 Tex. App. LEXIS 1918, at *16–17 (modifying take-nothing judgment to reflect dismissal for want of prosecution and affirming as modified "under the circumstances presented by this case").[6]

Because we have concluded that this Court's resolution of appellants' first and second issues requires reversal and dismissal for want of prosecution, we do not resolve appellants' remaining issues. *See Dolenz*, 2001 Tex. App. LEXIS 1806, at *4 (stating that court "need not address [appellant]'s first point of error"—that trial court abused its discretion in denying motion for new trial—in light of court's disposition reversing take-nothing judgment

---

[6] When an appeal is from a judgment against a plaintiff who failed to appear for trial, courts have been inconsistent in the disposition on appeal. *See, e.g.*, *Slaughter v. Clement*, 64 S.W.3d 448, 449–50 (Tex. App.—El Paso 2001, no pet.) (reversing judgment on merits against plaintiff who failed to appear for trial, remanding case to trial court, and stating that court was not expressing "opinion as to whether upon notice and hearing, the cause should be dismissed for want of prosecution"); *State v. Herrera*, 25 S.W.3d 326, 328 (Tex. App.—Austin 2000, no pet.) (reversing and generally remanding case to trial court); *Jack Ritter Inc. Oil Co. v. Sell*, 443 S.W.2d 925, 927 (Tex. App.—Austin 1969, no writ) (reforming take-nothing judgment and "decreeing" that suit was dismissed for want of prosecution).

and remanding appellant's causes of action to trial court for further proceedings); *see also* Tex. R. App. P. 47.1.

## Conclusion

We conclude that the district court erred when it entered judgment on the merits in favor of the District as to appellants' claims when they failed to appear for trial. Thus, we reverse the district court's judgment and render judgment dismissing the case for want of prosecution.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Reversed and Rendered

Filed:   February 25, 2021