**Lisa Michelle Clement SLAUGHTER, Appellant,**

v.

**Brian Keith CLEMENT, Appellee.**

**No. 08–00–00174–CV.**

Court of Appeals of Texas,
El Paso.

Oct. 18, 2001.

H. Thomas Hirsch, Hirsch & Stroder, L.L.P., Odessa, for appellant.

Sydney Weaver, Odessa, for appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

The question we are asked to decide is whether a trial court may adjudicate a case on the merits upon the moving party's failure to appear for trial. Because we conclude that it may not, we reverse and remand.

## FACTUAL SUMMARY

Lisa Michelle Clement Slaughter and Brian Keith Clement were divorced on July 21, 1992. The final decree of divorce was first modified on November 24, 1998. Slaughter filed a second motion to modify on October 29, 1999, and a hearing was scheduled for January 24, 2000, in the 358th District Court of Ector County.

### Slaughter's Version of the Facts

The following recitation is derived from the affidavits attached to Slaughter's motion to reinstate. Her attorney, H. Thomas Hirsch, was notified between 4 and 5 p.m. on Friday, January 21, 2000, that he could be number one on the docket for jury selection at 9 a.m. the following Monday in a felony criminal trial pending in the 238th District Court of Midland County. Mindful that this created a conflict with the setting in Slaughter's modification, Hirsch attempted to contact Clement's attorney, Sydney Weaver. No one was in Weaver's office, and because she had an unlisted telephone number, Hirsch could not reach her at home. Nor did he have a home address at which to find her. On Monday morning between 7:30 and 8:30 a.m., Hirsch called Weaver again and reached an answering machine. He left a message advising her of the conflict and telling her that the modification suit would have to be passed. Hirsch then left for the Ector County Courthouse to handle other matters. While he was there, he encountered Judge Bill McCoy of the 358th District Court. Hirsch explained that a conflict had arisen late Friday afternoon, that he had attempted to contact Weaver and that the modification case needed to be passed. Because Judge McCoy did not appear to oppose this suggestion, Hirsch left for Midland.

### Clement's Version of the Facts

On the morning of January 24, 2000, one of Hirsch's employees contacted the Ector County District Clerk's office and left a message for court personnel regarding the 9 a.m. hearing. The caller indicated that the hearing would be cancelled, that Weaver was aware of Hirsch being out of town, and that Weaver had agreed to cancel the setting. Weaver and Clement were first informed of the message when they arrived at the courthouse for the hearing. Judge McCoy attempted to locate Hirsch to discern exactly what the conflict was and how to resolve the situation. When Hirsch was reached around 10 a.m., he informed the court and Weaver that the criminal matter had pled out earlier that morning. Hirsch was given the opportunity to return to Odessa for the trial later that morning. Around 11 a.m., the court noted for the record that Hirsch had failed to appear, and that he had previously informed the court and Weaver that he would not appear for the hearing that day. The matter was called for trial to the

bench. Responsive testimony and documentary evidence was received from Clement concerning the relief Slaughter had requested. Testimony was also presented concerning attorney's fees.

The trial court denied the modification and awarded attorney's fees to Weaver in the amount of $624. The order reflects that Slaughter did not appear in person nor through her attorney and wholly defaulted. Slaughter filed a motion to reinstate supported by affidavits, a request for findings of fact and conclusions of law, and objections to the judgment. Judge McCoy denied the motion for "reinstatement or new trial or whatever it was." Slaughter subsequently filed yet a third motion to modify in suit affecting the parent-child relationship.

## MAY THE MOVING PARTY BE DEFAULTED?

Slaughter brings five issues for review. Because the second issue is dispositive, we need not address the remainder. Slaughter complains that the trial court erred in entering a judgment denying the relief sought as opposed to holding a hearing to decide whether or not to dismiss her motion to modify. Stated bluntly, Slaughter contends that a plaintiff/petitioner may not be defaulted; instead the court may only, after notice and hearing, dismiss her suit for failure to appear. We agree.

A trial court may not adjudicate the merits of a plaintiff's claim when she fails to appear for trial but may only dismiss the claim for want of prosecution. *Smock v. Fischel*, 146 Tex. 397, 207 S.W.2d 891, 892 (1948); *Burger v. Young*, 78 Tex. 656, 15 S.W. 107, 107 (1890). More recently, the Austin Court of Appeals has addressed the same issue on remarkably similar facts. *See State v. Herrera*, 25 S.W.3d 326 (Tex.App.—Austin 2000, no pet.). There, the State of Texas, the Cities of San Antonio and Balcones Heights, and the Transit Authority of San Antonio jointly sued Herrera for past due state and local sales taxes, penalties, and interest. The cause was set for trial on August 30, 1999. On August 23, the plaintiffs' counsel, John Adams, learned of a scheduling conflict. When Herrera's counsel did not return his detailed telephone calls, Adams assumed there was no objection to resetting the trial date. He advised the court clerk that the trial setting had been passed by agreement and reset for September 20. Herrera's attorney denied there was an agreement and denied receiving two recorded telephone messages from Adams. The case was called for trial on August 30; Herrera announced ready but the plaintiffs failed to appear. Upon Herrera's request, the trial court entered a take-nothing judgment against the plaintiffs. In reversing, the appellate court, citing *Smock* and *Burger*, noted its belief that "the law continues to be that the trial court may not adjudicate the merits of a plaintiff's claim when he fails to appear for trial, but may only dismiss the claim for want of prosecution." *Id.* at 327. The trial court's authority to dismiss for want of prosecution stems from Rule 165a of the Texas Rules of Civil Procedure as well as the court's inherent power. *Villarreal v. San Antonio Truck & Equipment*, 994 S.W.2d 628, 630 (Tex.1999). Whether a court proceeds under Rule 165a or acts pursuant to its inherent authority, it may not dismiss a suit without providing the moving party notice and an opportunity to be heard. *Id.* These same tenets apply here; under the Family Code, the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification. Tex.Fam.Code Ann. § 156.004 (Vernon 1996).

We recognize that Clement takes issue with Slaughter's misrepresentations to the trial court and her reference to off-record information and unsubstantiated facts. We can well imagine that a trial court might take issue with an attorney's refusal to appear for a hearing when a supposedly conflicting trial has been resolved. For her part, Slaughter empha-

sizes (1) that multiple trial settings during a single week are not unusual and common practice dictates that some of those settings are going to fall through for one reason or another; (2) that potential but unlikely conflicts may give rise to imminent conflicts on the Friday before trial such that motions for continuance are impractical and conferences with opposing counsel may be impossible; and (3) that trial lawyers should not be put in the position of having to be in two places at once. We do not decide today which version of the facts is the truth. The judgment on its face reveals error-the denial of Slaughter's motion to modify was an adjudication on the merits upon her failure to appear for trial. We sustain Issue Two. Accordingly, we reverse and remand the cause to the trial court. We express no opinion as to whether upon notice and hearing, the cause should be dismissed for want of prosecution.