**Towner LEEPER, Appellant,**

v.

**R.F. HAYNSWORTH and Gary Crossland, Appellees.**

**No. 08–05–00077–CV.**

Court of Appeals of Texas, El Paso.

Nov. 17, 2005.

John Leeper, El Paso, for appellant.

Christopher R. Johnston, Firth, Johnson, Martinez, El Paso, for appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from default judgment entered against a plaintiff. In the instant case, the default judgment was entered against Appellant, Towner Leeper, in favor of Appellees, R.F. Haynsworth and Gary Crossland, defendants below. On appeal, the sole issue is whether a default judgment can be entered against a plaintiff.[1]

## I. PROCEDURAL BACKGROUND

This lawsuit arises out of a breach of lease claim which Appellant originally filed on May 5, 2000. The trial court set Appellant's case to be heard on December 1, 2004. On October 18, 2004, Appellees' attorney mailed a letter by certified mail, return receipt requested to Towner Leeper at 744 Cinnamon Teal, El Paso, Texas 79932, notifying him that the case had been set for trial on December 1, 2004 at 1:30 p.m. On the "return receipt" stamped October 19, 2004, Appellant's wife LaFonne Leeper's signature appears.

Appellant failed to appear at the bench trial on December 1, 2004. After announcing his name three times in the court's hallway, Appellees orally moved for a default judgment, which the trial granted. The trial court granted Appellees' motion.[2] On December 8, 2004, counsel for Appellees mailed a letter by certified mail, return receipt requested to Towner Leeper at 744 Cinnamon Teal, El Paso, Texas 79932 notifying him that the Court had entered a final judgment against Appellant. By this time, Appellant had moved to Denver, Colorado. Upon receiving notice of the final default judgment, Appellant filed a timely motion to vacate the final judgment. On January 4, 2005, the same day the motion to vacate was filed,

---

1. In his brief, Appellant raises three issues. In Issue No. One, Appellant asserts that the trial erred as a matter of law in granting a final "take-nothing" default judgment against Appellant as a result of his failure to appear at trial. In Issue No. Two, he contends the trial court abused its discretion by failing to provide him with notice of its intention to dismiss his case with prejudice and an opportunity to be heard prior to dismissing his case with prejudice. In Issue No. Three, Appellant argues the trial court abused its discretion in failing to reinstate his case because his failure to appear at the trial setting was not intentional or the product of conscious indifference but was the result of accident or mistake. At oral argument, Appellant's counsel made it clear to this Court that the sole issue was whether default judgment was properly granted against Appellant, the plaintiff in this case.

2. The trial court's order read as follows:

On this day, came the above matter for final trial. No jury having been demanded, all issues were submitted to the Court. Defendants R.F Haynsworth and Gary Crossland duly appeared by and through their attorneys of record, Christopher R. Johnston and S. Crawford Kerr, Jr. Plaintiff Towner Leeper although duly notified of the trial setting did not appear. The Court determined it had jurisdiction over the subject matter and the parties to this proceeding. Defendant moved for default judgment, and after considering the pleadings and papers on file in this case, the Court grants judgment for the Defendants.

The Court finds:
1. This case has been on file since 2000.
2. Plaintiff was given notice of the trial setting and failed to appear, and wholly made default.

THEREFORE, the Court grants judgment for Defendants and that Plaintiff Towner Leeper take nothing.

It is further ORDERED that the Defendants recover from Plaintiff court costs, and that execution issue for this judgment.

The Court denies all relief not expressly granted.

Appellant gave the first notice of his address change to Appellees' counsel. On January 7, 2005, attorney John Leeper entered an appearance on behalf of Tower Leeper. On February 9, 2005, the trial court held a hearing on Appellant's motion to vacate default judgment. Although not physically present at the hearing and over Appellees' objection, the trial court allowed Appellant to testify via telephone from his home in Denver. He testified that he was unaware of the December 1, 2004 trial setting and did not become aware of it until he received notice of the default judgment entered against him. Immediately upon learning this, he filed a motion to vacate. He adamantly asserted that his failure to attend the trial was not intentional or due to conscious disregard. After living in El Paso for forty years and having retired from his tax law practice sometime in 2002, he began the process of moving to Denver, leaving his home in a state of disarray. He testified that he never saw the notice of trial setting and that his wife never showed him such notice. Furthermore, he does not nor ever did consider his wife to be his agent for purposes of this lawsuit. He represented that he was ready to proceed at trial if the trial court vacated his default judgment and that he is counting on the resolution of the case to provide him with funds to live on during his retirement.

Appellees' counsel at trial argued that (1) since none of Appellant's testimony was proper, Appellant failed to meet his burden, and (2) because Mrs. Leeper's signature appeared on the "return receipt," Appellant had notice of the trial setting and that this was all that was required in order for the court to grant the default judgment. Appellant, on the other hand, argued that the proper procedures under TEX.R. CIV. P. 165a(1) had to be utilized. The trial court denied Appellant's motion to vacate. This appeal follows.

## II. DISCUSSION

■ On appeal, Appellant argues that the trial court erred as a matter of law in granting a take-nothing judgment against Appellant for failing to appear at trial because the only ruling that the trial court could make was a dismissal for want of prosecution because Appellant was the plaintiff in this case. Appellant cites to this Court's opinion, *Slaughter v. Clement*, 64 S.W.3d 448 (Tex.App.-El Paso 2001, no pet.) to support his contention. We agree with Appellant's assertion.

In *Slaughter*, the question this Court had to decide was whether a moving party may be defaulted. *See Slaughter*, 64 S.W.3d at 448–49. We held in that case that a court may not default a plaintiff/petitioner, but rather they may only, after notice and hearing, dismiss their suit for failure to appear. *Id.* at 450.

■ A trial court's authority to dismiss for want of prosecution stems from TEX.R. CIV. P. 165a as well as a court's inherent powers. *See* TEX.R. CIV. P. 165a; *see also Slaughter*, 64 S.W.3d at 450 (citing *Villarreal v. San Antonio Truck & Equipment*, 994 S.W.2d 628, 630 (Tex.1999)). TEX.R. CIV. P. 165a states in relevant part the following:

A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. At the dismissal hearing, the court shall dismiss for want of prosecu-

tion unless there is good cause for the case to be maintained on the docket.

If the Court acts pursuant to its inherent authority, it may not dismiss a suit without providing the moving party notice and an opportunity to be heard as well. *Slaughter*, 64 S.W.3d at 450.

 Texas law does not authorize a defendant to take a default judgment which adjudicates against the plaintiff the merits of his suit but rather the trial court may only dismiss the claim for want of prosecution. *See Smock v. Fischel*, 146 Tex. 397, 400, 207 S.W.2d 891, 892 (1948); *see also Slaughter*, 64 S.W.3d at 450; *see also State v. Herrera*, 25 S.W.3d 326, 327 (Tex.App.-Austin 2000, no pet.). A judgment adjudicating against the plaintiff's merits is voidable. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990). Although Rule 165a allows a trial court to dismiss for want of prosecution based on a plaintiff's failure to appear, the trial court may not adjudicate the merits of a plaintiff's claim upon such failure to appear. *See* Tex.R. Civ. P. 165a; *Herrera*, 25 S.W.3d at 327.

We find that the order entering a take-nothing default judgment against Appellant upon his failure to appear for trial was an adjudication on the merits. Appellant's Issue is sustained.

Having sustained Appellant's sole declared issue on review, we reverse and remand the cause to the trial court for further proceedings in accordance with this opinion.