COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




TOWNER LEEPER,

                            Appellant,

v.

R.F. HAYNSWORTH AND GARY
CROSSLAND,

                            Appellees.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00077-CV

Appeal from the

346th District Court 

of El Paso County, Texas 

(TC# 2000-1541) 




O P I N I O N

           This is an appeal from default judgment entered against a plaintiff. In the instant case,
the default judgment was entered against Appellant, Towner Leeper, in favor of Appellees,
R.F. Haynsworth and Gary Crossland, defendants below. On appeal, the sole issue is
whether a default judgment can be entered against a plaintiff.



 

I. PROCEDURAL BACKGROUND
           This lawsuit arises out of a breach of lease claim which Appellant originally filed on
May 5, 2000. The trial court set Appellant’s case to be heard on December 1, 2004. On
October 18, 2004, Appellees’ attorney mailed a letter by certified mail, return receipt
requested to Towner Leeper at 744 Cinnamon Teal, El Paso, Texas 79932, notifying him that
the case had been set for trial on December 1, 2004 at 1:30 p.m. On the “return receipt”
stamped October 19, 2004, Appellant’s wife LaFonne Leeper’s signature appears.
           Appellant failed to appear at the bench trial on December 1, 2004. After announcing
his name three times in the court’s hallway, Appellees orally moved for a default judgment,
which the trial granted. The trial court granted Appellees’ motion.


 On December 8, 2004,
counsel for Appellees mailed a letter by certified mail, return receipt requested to Towner
Leeper at 744 Cinnamon Teal, El Paso, Texas 79932 notifying him that the Court had entered
a final judgment against Appellant. By this time, Appellant had moved to Denver, Colorado. 
Upon receiving notice of the final default judgment, Appellant filed a timely motion to vacate
the final judgment. On January 4, 2005, the same day the motion to vacate was filed,
Appellant gave the first notice of his address change to Appellees’ counsel. On January 7,
2005, attorney John Leeper entered an appearance on behalf of Towner Leeper. On February
9, 2005, the trial court held a hearing on Appellant’s motion to vacate default judgment. 
Although not physically present at the hearing and over Appellees’ objection, the trial court
allowed Appellant to testify via telephone from his home in Denver. He testified that he was
unaware of the December 1, 2004 trial setting and did not become aware of it until he
received notice of the default judgment entered against him. Immediately upon learning this,
he filed a motion to vacate. He adamantly asserted that his failure to attend the trial was not
intentional or due to conscious disregard. After living in El Paso for forty years and having
retired from his tax law practice sometime in 2002, he began the process of moving to
Denver, leaving his home in a state of disarray. He testified that he never saw the notice of
trial setting and that his wife never showed him such notice. Furthermore, he does not nor
ever did consider his wife to be his agent for purposes of this lawsuit. He represented that
he was ready to proceed at trial if the trial court vacated his default judgment and that he is
counting on the resolution of the case to provide him with funds to live on during his
retirement.
           Appellees’ counsel at trial argued that (1) since none of Appellant’s testimony was
proper, Appellant failed to meet his burden, and (2) because Mrs. Leeper’s signature
appeared on the “return receipt,” Appellant had notice of the trial setting and that this was
all that was required in order for the court to grant the default judgment. Appellant, on the
other hand, argued that the proper procedures under Tex. R. Civ. P. 165a(1) had to be
utilized. The trial court denied Appellant’s motion to vacate. This appeal follows.II. DISCUSSION
           On appeal, Appellant argues that the trial court erred as a matter of law in granting a
take-nothing judgment against Appellant for failing to appear at trial because the only ruling
that the trial court could make was a dismissal for want of prosecution because Appellant
was the plaintiff in this case. Appellant cites to this Court’s opinion, Slaughter v. Clement,
64 S.W.3d 448 (Tex. App.--El Paso 2001, no pet.) to support his contention. We agree with
Appellant’s assertion.
           In Slaughter, the question this Court had to decide was whether a moving party may
be defaulted. See Slaughter, 64 S.W.3d at 448-49. We held in that case that a court may not
default a plaintiff/petitioner, but rather they may only, after notice and hearing, dismiss their
suit for failure to appear. Id. at 450.
           A trial court’s authority to dismiss for want of prosecution stems from Tex. R. Civ.
P. 165a as well as a court’s inherent powers. See Tex. R. Civ. P. 165a; see also Slaughter,
64 S.W.3d at 450 (citing Villarreal v. San Antonio Truck & Equipment, 994 S.W.2d 628, 630
(Tex. 1999)). Tex. R. Civ. P. 165a states in relevant part the following:
A case may be dismissed for want of prosecution on failure of any party
seeking affirmative relief to appear for any hearing or trial of which the party
had notice. Notice of the court’s intention to dismiss and the date and place
of the dismissal hearing shall be sent by the clerk to each attorney of record,
and to each party not represented by an attorney and whose address is shown
on the docket or in the papers on file, by posting same in the United States
Postal Service. At the dismissal hearing, the court shall dismiss for want of
prosecution unless there is good cause for the case to be maintained on the
docket.

If the Court acts pursuant to its inherent authority, it may not dismiss a suit without providing
the moving party notice and an opportunity to be heard as well. Slaughter, 64 S.W.3d at 450.
           Texas law does not authorize a defendant to take a default judgment which adjudicates
against the plaintiff the merits of his suit but rather the trial court may only dismiss the claim
for want of prosecution. See Smock v. Fischel, 146 Tex. 397, 400, 207 S.W.2d 891, 892
(1948); see also Slaughter, 64 S.W.3d at 450; see also State v. Herrera, 25 S.W.3d 326, 327
(Tex. App.--Austin 2000, no pet.). A judgment adjudicating against the plaintiff’s merits is
voidable. See Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990). Although Rule
165a allows a trial court to dismiss for want of prosecution based on a plaintiff’s failure to
appear, the trial court may not adjudicate the merits of a plaintiff’s claim upon such failure
to appear. See Tex. R. Civ. P. 165a; Herrera, 25 S.W.3d at 327.
           We find that the order entering a take-nothing default judgment against Appellant
upon his failure to appear for trial was an adjudication on the merits. Appellant’s Issue is
sustained.
 

           Having sustained Appellant’s sole declared issue on review, we reverse and remand
the cause to the trial court for further proceedings in accordance with this opinion.
 
                                                                  RICHARD BARAJAS, Chief Justice
November 17, 2005

Before Barajas, C.J., McClure, and Chew, JJ.